Dervis YUKSEL, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 04–71607.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed Feb. 27, 2009.

Marc Van Der Hout, Ilyce Sue Shugall, Esquire, Van Der Hout, Brigagliano &

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nightingale, LLP, San Francisco, CA, for Petitioner.

Dervis Yuksel, San Francisco, CA, pro se.

David V. Bernal, Assistant Director, Oil, Anthony Paul Nicastro, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, Karon Virginia Johnson, Esquire, Assistant U.S., USHA–Office of the U.S. Attorney, Hagatna, GU, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Dervis Yuksel, a native and citizen of Turkey, petitions for review of a Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his application for voluntary departure, asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n.1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we dismiss in part, deny in part, and grant in part the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based on Yuksel's admission that he gave false testimony regarding alleged incidents of persecution. *See Al–Harbi v. INS,* 242 F.3d 882, 889–90 (9th Cir.2001).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We lack jurisdiction to review Yuksel's contentions regarding voluntary departure because he failed to exhaust the issues before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004).

We grant the government's request to remand for the agency to review the documentary evidence in the first instance. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**